[Doc. No. 15]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| J.N., et al.,<br><br>　　　　Plaintiffs,<br><br> v.<br><br>MT. EPHRAIM BOARD OF EDUCATION,<br><br>　　　　Defendant. | Civil No. 05-2520 (JHR) |

**OPINION AND ORDER**

　　This matter is before the Court on plaintiff's incorrectly titled "Motion for Summary Judgment." [Doc. No. 15]. Rather than requesting summary judgment plaintiff is asking the Court to issue an Order awarding attorney's fees and costs. Plaintiff's attorney is Jamie Epstein, Esquire. Plaintiff's fee claim covers "the complete history of this case which encompasses over two years of litigation and consists of proceedings in the following Courts: (a) the New Jersey Office of Administrative Law from February to May 2005;(b) the District Court from May 2005 to May 2007." See Affidavit and Brief in Support of Dispositive Motion at ¶1, Doc. No. 15-3. In addition to plaintiff's Motion, the Court has also received plaintiff's Second Affidavit and Brief in Support of Dispositive Motion [Doc. No. 17], defendant's Opposition to Plaintiff's Motion [Doc. No. 31] and plaintiff's Reply Affidavit and Brief in Support of Dispositive Motion. [Doc. No. 32].

Pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 7.1(b)(4), the Court has exercised its discretion to decide plaintiff's motion without oral argument. For the reasons to be discussed, the Court enters this Order granting plaintiff a total award of attorney's fees and costs of $25,424.

Background

The factual background of this case is set forth in the March 26, 2007 Opinion and Order of the Honorable Joseph H. Rodriguez. J.N. v. Mt. Ephraim Board of Education, C.A. No. 05-2520, 2007 WL 928478 (D.N.J. March 26, 2007)("Opinion"). This Court's Opinion and Order incorporates by reference the factual background and procedural history set forth in Judge Rodriguez' Opinion.

Plaintiff's Complaint against the Mt. Ephraim Board of Education ("Mt. Ephraim") was filed on May 13, 2005. [Doc. No. 1]. Plaintiff's First Amended Complaint was filed on May 20, 2005. [Doc. No. 2]. This action was brought on behalf of J.N., an infant individually, and by his parent, P.S. J.N. is an "educationally handicapped child" and alleges that his rights were violated by defendants. Plaintiff brought this action pursuant to the provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401, et. seq., 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and the Civil Rights Act, 42 U.S.C. §1983 and 42 U.S.C. §1988.

J.N. is a 16 year old male with multiple disabilities,

including intractable epilepsy and social, motor and speech delays.  At all relevant times J.N. was domiciled within the Mt. Ephraim School District and has been eligible for special education and related services under the IDEA.  Pursuant to the IDEA, the Board, through its Child Study Team, developed a series of Individualized Education Programs ("IEPs") for J.N.  During the 2002-2003 and 2003-2004 school years, J.N.'s special education program was implemented at the Bankbridge Elementary School.  During the 2004-2005 school year, J.N.'s parent, P.S., became frustrated with Bankbridge's faculty and administration. Despite numerous requests, Mt. Ephraim refused to assign J.N. a one-to-one classroom aide throughout the school day.  Thereafter, P.S. demanded J.N.'s transfer to the Bancroft School in Haddonfield, New Jersey.  After the Mt. Ephraim Child Study Team denied the demand for a change in placement from Bankbridge to Bancroft, and maintained its position that J.N. did not need a one-to-one classroom aide while at Bankbridge, plaintiff filed a Due Process Petition ("Petition") with the New Jersey Office of Special Education on March 2, 2005.  The Petition forms the basis of plaintiff's Complaint seeking attorney's fees.  The Petition complained of the following issues:

1. Failure of the Board to provide J.N. with an in-class aide and needed accommodations for his disability;

2. Failure of the Board to offer J.N. toilet training in his IEP;

    3.    Failure of the Board to evaluate J.N. for a positive behavior intervention plan; and

    4.    Failure of the Board to offer J.N. a placement that met his needs and is closer to his residence for which placement at Bancroft was requested.

On Friday, March 11, 2007, the business day before a scheduled court appearance, the Board, via an e-mail to plaintiff, offered to provide a one-to-one classroom aide for J.N.  Plaintiff did not respond before the March 14, 2005 scheduling conference with the Administrative Law Judge ("ALJ").  The issue of the one-to-one aide was not finally resolved at that conference.  Subsequently, on May 5, 2005, the parties engaged in further discussions with an ALJ regarding possible settlement.  On May 12, 2005, with the ALJ's assistance, the parties entered into a settlement agreement labeled a "Consent Order" which provided plaintiff with the following relief:

    1.    The Board agreed to provide J.N. with a one-to-one aide who will follow the first aid seizure protocol as prescribed by J.N.'s physician.

    2.    The aide's communication regarding J.N.'s progress shall be included in J.N.'s progress notes and forwarded by J.N.'s teacher to P.S. on a weekly basis;

    3.    An evaluation for a positive behavior intervention plan will be performed by the psychologist recommended by J.N.'s doctor and paid for by the Board; and

    4.    The Board shall include a toilet training goal for J.N. in his IEP and ensure he remains clean throughout the day.

On May 13, 2005, plaintiff filed his Complaint in this court

4

appealing the March 14, 2005 decision, in part, pursuant to 20 U.S.C. §1415(i)(2), and seeking attorney's fees and costs as the prevailing party, pursuant to 20 U.S.C. §1415(i)(3)(B)(i).  On August 28, 2006, plaintiff filed his Motion for Summary Judgment [Doc. No. 11] which Judge Rodriguez granted. Judge Rodriguez determined that plaintiff was a prevailing party entitled to an award of attorney's fees. He also denied Mt. Ephraim's Cross-Motion for Summary Judgment.

Discussion

Reasonable attorney's fees are computed by multiplying the reasonable hourly rate by the reasonable number of hours expended. This amount is the loadstar.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[1]  The party seeking a fee is required to submit evidence to support the reasonableness of the request.  Id. at 433.  A reasonable hourly rate is calculated according to the prevailing market rate in the community. S.D. v. Manville Bd. of Educ., 989 F. Supp. 649, 656 (D.N.J. 1998).  "This burden is normally addressed by submitting the affidavits of other attorneys in the relevant legal community, attesting to the range of prevailing rates charged by attorneys with similar skill and experience."

---

[1] The Supreme Court's holding in Hensley applies to the recovery of attorney's fees under the IDEA.  See P.N. v. Clementon Board of Education, C.A. No. 02-1351 (FLW), 2007 WL 1186552, at *2 (D.N.J. Apr. 20, 2007)("P.N."); S.W. v. Bridgeton Bd. of Educ., C.A. No. 05-0043 (RBK), 2006 WL 469655, at *10 (D.N.J. Feb. 24, 2006).

When a court decides whether hours were "reasonably expended" it must examine the record to determine that the hours billed are not "unreasonable for the work performed." Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996). The higher the hourly rate charged by an attorney based upon his or her skill and experience, the shorter the time it should take the attorney to perform a particular task. Apple Corps. Ltd. v. International Collectors Soc., 25 F. Supp. 2d 480, 490-91 (D.N.J. 1998)(citation omitted); Deptford Township School District v. H.B., C.A. No. 01-784 (JBS), 2006 WL 3779820, at *5 (D.N.J. Dec. 21, 2006)("Deptford Township II"); P.N., supra, at *2.

Attorneys requesting fees must document with specificity the hours for which reimbursement is sought. Washington, supra, at 1037; Deptford Township II, supra, at *4. The burden is on the attorney to maintain records that permit the reviewing court to assess their recoverability. Hensley, 461 U.S. at 437. If the documentation of hours is inadequate, the court may reduce the award. Id. A court must do more than a cursory review of billing records and must "go line, by line" through the billing records supporting the fee request. P.N., supra, at *2 (citation omitted). Time spent to prepare and present an application for fees is also recoverable. Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3d Cir. 2001). The loadstar and Hensley reduction analysis also applies to the time it takes to prepare a fee

6

petition.  Id. at 188.

Hourly Rate

Mr. Epstein requests reimbursement at an hourly rate of $300. In support of this request Mr. Epstein cites to his professional experience and the fact that this hourly rate was approved by other United States District Judges in this vicinage.  See Affidavit and Brief in Support of Dispositive Motion at ¶¶3-4, Doc. No. 15-3.  Defendant has not challenged plaintiff's billing rate.  Mr. Epstein is a member of the New Jersey Bar and has over 15 years of specialized practice in this field of law.  This Court finds that Mr. Epstein's $300 hourly rate is reasonable for an experienced special education specialist in this vicinage.  Accord P.N., supra, at *3; Deptford Township School District v.H.B., C.A. No. 01-784 (JBS), 2006 WL 891175 (D.N.J. March 31, 2006)("Deptford Township I").

Reasonableness of Hours Expended

Plaintiff's present Motion seeks an award of attorney's fees of $34,170 based on 113.9 hours at a rate of $300 per hour, and an award of $474 in costs.[2]

Defendant makes several arguments to counter plaintiff's request for fees.  Defendant argues that plaintiff is "not entitled to a recovery of the fees claimed as Plaintiffs did not succeed on all counts of the Due Process Complaint and any

---

[2] Plaintiff's submission incorrectly computed the lodestar to be $34,644.

7

perceived success was technical and de minimis." Brief at 4, Doc. No. 31. Defendant's argument is summarily dismissed since Judge Rodriguez already rejected defendant's position. Judge Rodriguez specifically addressed defendant's argument that plaintiff's success was technical and de minimis and held that plaintiff was a prevailing party entitled to an award of reasonable attorney's fees. J.N., supra, at *5. Defendant's argument confuses the distinction between plaintiff's eligibility for attorney's fees and the amount of fees that should be awarded. Pursuant to applicable Third Circuit precedent plaintiff is considered a prevailing party if he succeeds on any "significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." P.N. v. Clementon Board of Education, 442 F.3d 848, 855 (3d Cir. 2006)("Clementon")(quoting Hensley, 461 U.S. at 433). As noted in Clementon, "[t]he relevant inquiry is whether plaintiffs' success was significant. Regardless of how substantial their success, if plaintiffs succeeded on a significant issue they are entitled to prevailing party status." Id. at 856. Judge Rodriguez determined that plaintiff was a prevailing party when he found "that Plaintiff succeeded on significant issues in ligation which achieved some of the benefit Plaintiff sought in bringing suit." J.N., supra, at *4. Nonetheless, although Judge Rodriguez ruled that plaintiff was a prevailing party entitled to attorney's fees, he did not rule that plaintiff succeeded on all counts:

8

> Yet because Plaintiff is a prevailing part who has achieved success on significant issues, the Court will grant Plaintiff's Motion for Summary Judgment and upon careful review of an adequately supported fee application, will award reasonable attorney's fees limited to the degree of the success attained by Plaintiff.

Id. at *5.  Accordingly, to the extent defendant argues plaintiff is not entitled to recover any attorney's fees the argument is rejected.

Defendant also argues that plaintiff is not entitled to recover for fees spent on unsuccessful claims.  Brief at 4.  To the extent defendant argues that plaintiff's degree of success should be taken into account in its analysis of plaintiff's claim, it is correct.  "The degree of the plaintiff's overall success goes to the reasonableness of the [fee] award under Hensley ...."  Deptford Township I, supra, at *3 (quotation omitted).  For example, this occurred in Deptford Township II, supra, at *9, when the court denied plaintiff's application for fees for services rendered after March 27, 2003 ($16,950).  The court ruled that these fees were not recoverable because after this date plaintiff enjoyed no success.  Id. at *9.  Defendant can also take solace in the fact that Judge Rodriguez ruled that plaintiff's fee award is "limited to the degree of the success attained by Plaintiff."  J.N., supra, at *5.

No precise mechanical formula can be applied in this case to calculate plaintiff's degree of success.  The conclusion this Court reaches with confidence is that plaintiff achieved some but

9

not 100% success.  This is known because Judge Rodriguez ruled that although plaintiff prevailed on "significant" issues, plaintiff did not succeed on all issues.  (Plaintiff "achieved some of the benefit" he sought in bringing suit.  J.N., supra, at *4. (emphasis added)).  This Court also determines with confidence that plaintiff was successful on most of his claims.  ("Plaintiff obtained a Consent Order from [Administrative Law] Judge Metzger requiring that the first three [of four] demands of the Due Process Petition be carried out."  Id. at *5.)  Under these circumstances the Supreme Court has said that courts "may attempt to identify specific hours that should be eliminated, or [ ] simply reduce the award to account for the limited success."  Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 166 (3d Cir. 2002)(quoting Hensley, 461 U.S. at 436-37).

Defendant's primary argument for why plaintiff was unsuccessful is that it agreed to provide plaintiff with an in-house aide prior to the March 14, 2005 proceeding with ALJ Tassini.  Defendant argues that since it never took an adversarial position regarding the in-house aide, it was "completely unnecessary for Plaintiff to raise these issues by way of the Due Process Petition.  Thus, any fees related to the same should not be considered by this Court."  Brief at 5.  Defendant's argument must be rejected because Judge Rodriguez already noted that even after the March 14, 2005 proceeding, "there was no final resolution on the issue of the aide."  J.N., supra, at *4.

10

Therefore, defendant's argument that it was unnecessary for plaintiff to pursue relief regarding the one-to-one aide is contradicted by a previous ruling in this case. Moreover, this Court reviewed the March 14, 2005 transcript [Doc. No. 11-4] of the proceeding before the ALJ and observed that it is evident that during the conference the parties did not reach a meeting of the minds on all issues related to the aide.

Defendant's third challenge to plaintiff's application relates to several specific time entries. The Court will address each objection:

1. May 12, 2005 - Defendant argues plaintiff's charge of 3.9 hours ($1,170) to prepare and file his summons and complaint is excessive. The Court agrees that the time is excessive for a practitioner of Mr. Epstein's experience and will only award plaintiff 2.5 hours ($750).

2. May 19, 2005 - Defendant argues plaintiff's charge of 0.9 hours ($270) to draft the First Amended Complaint is excessive. The Court disagrees and overrules defendant's objection.

3. May 30, 2006 - Defendant objects to plaintiff's charge of .4 hours ($120) to draft a transcript request letter. The Court rules that this work should have been done by plaintiff's administrative employee and therefore will reduce plaintiff's claim in the amount of $120. See Deptford Township II, supra, at *6 (cautioning plaintiff's counsel that he should delegate routine tasks to a junior lawyer, paralegal or support staff).

4. August 25-28, 2006 - Defendant objects to plaintiff's charge of 15.5 hours ($4,650) to draft his Motion for Summary Judgment. Given the fact that the issues in plaintiff's Motion were not especially complex, especially in view of the Third Circuit's decision in P.N. v. Clementon,

11

supra, which was issued before plaintiff's Motion for Summary Judgment was filed, the Court agrees that plaintiff's time was excessive. The Court reduces the claim to 12 hours ($3,600). See Apple Corps. Ltd., supra, 25 F. Supp. 2d at 490-91 (the higher the allowed hourly rate based upon the lawyer's skill and experience, the shorter the time it should take an attorney to perform a particular task).

5. December 13, 2004 to present - Defendant objects to plaintiff's claim of "December 13, 2004 to present 122 billing entries @ .1 entry" billed at a total cost of $3660. The Court agrees that none of this time is recoverable since there is no description of what work was done. Reasonableness cannot be determined based on vague and non-categorical time entries. Deptford Township I, supra, at *6. Where the documentation of hours is inadequate a court may reduce the award accordingly. Washington, supra, 89 F.3d at 1037. Plaintiff's lack of detail is remarkable since plaintiff's counsel has been admonished on several occasions that his fee claims will be denied in the absence of time entries that adequately describe the work for which reimbursement is sought. See Deptford Township I, supra; P.N., supra; Deptford Township II, supra.

6. May 1, 2007 - Defendant objects to plaintiff's claim of 11.1 hours ($3,330) to prepare and file his fee petition. Plaintiff's petition is straightforward and did not require extraordinary briefing. Accordingly, the Court reduces this claim to 7 hours ($2,100). See Deptford Township I, supra, at *6 (the court will insist on a high degree of efficiency and effectiveness that an attorney charging $300 per hour should demonstrate).

Although not specifically challenged by defendant, the Court reviewed in detail the remainder of plaintiff's time entries. See P.N., supra, at *6 (the party challenging a fee petition need not challenge every specific time entry but can specify the reasons

12

for its challenge and the category (or categories) of work challenged). The Court's review revealed that except for the matters previously identified, all other time was reasonable and appropriate and should be awarded.[3]

Based on the foregoing, the Court reduces plaintiff's fee claim by 21.6 hours ($6,480). Therefore, in the first instance 92.3 hours ($27,690) of plaintiff's time may be recovered. However, as noted, the Court must deduct from this time the fees plaintiff incurred on unsuccessful claims. The only claim in plaintiff's Due Process Petition that was not successful was the requested transfer to Bancroft. Based upon a review of the record, the Court agrees with plaintiff that the "main issue in the due process was in response to defendant's refusal to pay the money for a one-to-one aide despite repeated requests...." See Second Affidavit and Brief at ¶7, p.4 [Doc. No. 17]. Although the task was difficult, this Court determines from reviewing plaintiff's time records that nine (9) hours ($2,700) should be deducted from the fee award because of plaintiff's unsuccessful transfer claim. (None of this time was previously reduced by the Court). Thus, plaintiff is entitled to an award of 83.3 hours or

---

[3]In response to defendant's objections, plaintiff argues that his fee claim in this case compares favorably with the fees of defendant's lawyers, and fee awards in other IDEA cases. The Court does not give these arguments any weight. The reasonableness of plaintiff's fee claim is not dependent upon what defendant pays its lawyers or what other courts in different cases award.

$24,990.[4]

Plaintiff also makes a claim for reimbursement of $474 in out of pocket costs which have been properly documented.  Plaintiff's service and filing fees and travel expenses are reasonable and are not challenged by defendant.  These costs will be awarded in full.

Conclusion

Based upon the foregoing, and for good cause shown, it is hereby ORDERED this 21st  day of December, 2007, that plaintiff's Motion for Attorney's Fees, incorrectly titled as a Motion for Summary Judgment , is GRANTED; and

IT IS FURTHER ORDERED that plaintiff is awarded $24,990 in attorney's fees and $474 for costs, for a total fee award of $25,464.

                                         s/Joel Schneider
                                         JOEL SCHNEIDER
                                         United States Magistrate Judge

---

[4] The Court acknowledges defendant also argues that plaintiff raised for the first time in his Due Process Petition the issue of toilet training and an evaluation, and that Mt. Ephraim did not take an adversarial position in relation to these items. Brief at 7.  These arguments are not supported by any facts or affidavits and therefore are rejected.